U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 1 6 2016

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DAVID GRISHAM,                         §
                                       §
          Plaintiff,                   §
                                       §
VS.                                    §   NO. 4:15-CV-324-A
                                       §
CITY OF FORT WORTH, TEXAS,             §
ET AL.,                                §
                                       §
          Defendants.                  §

MEMORANDUM OPINION
and
ORDER

The United States Court of Appeals for the Fifth Circuit
reversed this court's September 3, 2015 denial of the pre-appeal
motions filed in the name of plaintiff, David Grisham, for
attorneys' fees and non-taxable expenses, and remanded the action
to this court for a determination of reasonable attorneys' fees
and expenses incurred by plaintiff pre-appeal and those incurred
by plaintiff in successfully prosecuting his appeal. Grisham v.
City of Fort Worth, Texas, 837 F.3d 564 (5th Cir. 2016). In
addition to addressing those issues in this memorandum opinion,
the court addresses post-remand requests filed in the name of
plaintiff for attorney's time devoted by his attorneys to
activities generated by the remand.

I.

## A Listing of the Five Fee and Expense
## Requests Made in the Name of Plaintiff[1]

A.   The Initial (August 11, 2015) Fee and Expense Request

On August 11, 2015, following the entry on July 29, 2015, of the agreed Consent Order and Final Judgment, plaintiff filed his initial motion for attorneys' fees and non-taxable expenses, which was accompanied by a supporting memorandum and appendix. Docs. 38, 39, & 40.[2] He sought a total of $79,074.36 as attorneys' fees and non-taxable expenses for his district court legal representation.[3] Doc. 38 at 10. Of the total, $67,050.00 represented attorney time (149.00 hours) of Nathan W. Kellum ("Kellum") (Doc. 39 at 007); $1,378.87 represented total non-taxable expenses incurred by Kellum; $10,170.00 represented attorney time (22.60 hours) of Kellum's local counsel, James A.

---

[1] Each of the motions and requests for payment by City of Fort Worth of attorneys' fees and non-taxable expenses was filed in the name of plaintiff by attorney Nathan W. Kellum ("Kellum"). See, e.g., Docs. 38 at 1 and 44 at 1, 7-8. Kellum has declared that he is representing Grisham on a pro bono basis, and that there will be no charge to plaintiff for legal services or for the associated cost of litigation. Doc. 39 at 005, ¶ 15. Thus, the request for attorneys' fees more accurately would be described as motions or requests by Kellum for awards in favor of him and his local counsel against City of Fort Worth of attorneys' fees. However, because of the nomenclature used by Kellum in his several motions and requests for recovery of attorneys' fees, the court generally uses in this memorandum opinion and order the designation of "plaintiff" as the movant or requesting party.

[2] The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:15-CV-324-A.

[3] The billing statement showing the work performed by Kellum is headed with the name "Center for Religious Expression." Doc. 39 at 009. Apparently Kellum is a sole practitioner who works for, or does business as, "Center for Religious Expression." Id. at 004, ¶ 10.

Pikl ("Pikl"); and $475.49 represented expenses incurred by Pikl.
Doc. 39 at 007-008, 027).

B.   **Plaintiff's Pre-Appeal Add-On (August 31, 2015) to His
     Request For Attorneys' Fees and Non-Taxable Expenses**

City of Fort Worth[4] filed a response to plaintiff's August
11, 2015 motion, Doc. 42, to which plaintiff replied on August
31, 2015, Doc. 44.   The reply, which was accompanied by an
appendix, sought additional attorneys' fees of $5,040.00 for
Kellum's time (11.20 hours) and additional non-taxable expenses
of $172.66 for Kellum's expenses, for a total add-on of
$5,212.66, increasing the total amount sought by plaintiff from
$79,074.36 to $84,287.02.   Docs. 44 at 7-8 & 45 at 001-004.

C.   **Plaintiff's First Post-Remand Add-On (October 5, 2016) to
     His Request for Attorneys' Fees and Non-Taxable Expenses**

As the Fifth Circuit contemplated in its remand directive he
would do, on October 5, 2016, plaintiff filed a supplemental
motion for attorneys' fees and non-taxable expenses seeking to
recover an additional $35,595.00 as attorneys' fees for Kellum's
time (79.10 hours), an additional $1,029.28 as non-taxable
expenses incurred by Kellum, an additional $1,395.00 for Pikl's
time (2.70 hours), and an additional $83.59 for out-of-pocket

---

[4]The response was filed in the name of City of Fort Worth and "Jeffrey Halstead, sued in his
official capacity as Chief of Police for the Fort Worth Police Department," ("Halstead"). Doc. 42 at 1.
Inasmuch as Halstead was sued only in his official capacity, the suit against him is the equivalent of a
suit against City of Fort Worth. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Therefore, in this
memorandum opinion and order the court is treating City of Fort Worth as the only defendant.

expenses incurred by Pikl, for a total add-on of $38,102.87.
Doc. 54 at 01-14.  These October 5, 2016 add-ons increased the
total of attorneys' fees and non-taxable expenses sought by
plaintiff from City of Fort Worth from $84,287.02 to $122,389.89.
Id. at 1-3.

D.   Plaintiff's Second Post-Remand Add-On (November 8, 2016) to
     His Request for Recovery from City of Fort Worth of
     Attorneys' Fees and Non-Taxable Expenses

In order to inform the parties of certain of the court's
tentative conclusions relative to the award that should be made
to plaintiff for pre-appeal attorneys' fees and non-taxable
expenses and to gain the needed information to comply with the
Fifth Circuit's directive that the fee award to be made by this
court is to include reasonable costs and attorneys' fees incurred
in successfully prosecuting the appeal, this court issued an
order on October 18, 2016, informing the parties of those
tentative conclusions, directing the parties to respond, and
requesting information to enable the court to comply with the
Fifth Circuit's remand directive.  Doc. 59 at 2-6.

Both parties responded to the October 18 order on
November 8, 2016.  Plaintiff's response was in the form of a
supplemental motion for attorneys' fees, accompanied by an
appendix.  Docs. 60 & 61.  Plaintiff sought to recover an
additional $7,920.00 as attorneys' fees for Kellum's time (17.60

4

hours) and an additional $81.53 as non-taxable expenses incurred by Kellum, for a total add-on of $8,001.53.  Doc. 60 at 1.  The November 8, 2016 add-ons increased the total of attorneys' fees and non-taxable expenses sought by plaintiff from City of Fort Worth from $122,389.89 to $130,391.42.  Id. at 10.

E.    Plaintiff's Third Post-Remand Add-On (November 22, 2016) to His Request for Recovery from City of Fort Worth of Attorneys' Fees and Non-Taxable Expenses

On November 22, 2016, plaintiff filed a reply to the response City of Fort Worth was required to make to the October 18, 2016 order mentioned above.  Docs. 63 & 64. The reply, in effect, was but another add-on to plaintiff's request for recovery from City of Fort Worth of attorneys' fees and non-taxable expenses.  This time, plaintiff sought an additional $1,800.00 from City of Fort Worth for Kellum's time (4.00 hours) and an additional $286.94 as non-taxable expenses incurred by Kellum, for a total add-on of $2,086.94, thus increasing from $130,391.42 to $132,478.36 as the total of attorneys' fees and non-taxable expenses sought by plaintiff from City of Fort Worth. Doc. 64 at 01-02.

5

II.

## The Court's Findings and Conclusions as to a Reasonable Fee and Non-Taxable Expense Award That Plaintiff Should Receive from City of Fort Worth

A.   **The Attorney Time Upon Which Plaintiff's Claims Are Based Is Excessive or Otherwise Inappropriate**

1.   **The Initial Pre-Appeal Claim**

The court persists in its conclusion that the attorney time included in the attorney billing statements for which plaintiff is seeking reimbursement from City of Fort Worth for pre-appeal activity is grossly excessive.  The court called this conclusion to the attention of the parties in the pre-appeal order the court issued on September 3, 2015, and the post-appeal order the court issued on October 18, 2016.  Docs. 48 at 10-12 & 59 at 2-5.

a.   **Time Claimed for Preparation of Initial Suit Papers**

As reflected by the document attached to this order as Exhibit "A," the August 5, 2015 billing statement of Center for Religious Expression (Kellum) showed that Kellum devoted 66.50 hours, starting in early December, 2014, and ending in late April 2015, to preparation of the pleadings by which this action was initiated in May 2015.  See Doc. 39 at 9-12.  Of that total, 38.90 hours is shown on the billing statement to represent time Kellum devoted to preparation of the complaint, and the remainder

6

is shown to be time he devoted to preparation of the motion for preliminary injunction and related papers.

The court made known in its October 18, 2016 order that the court's tentative conclusion that the total time devoted to preparation of the initial pleadings should not have been more than 20 hours.  Doc. 59 at 3.  There is no doubt that Kellum has significant expertise in preparing for, litigating, and participating in appeals of litigation involving civil rights claims of the exact kind asserted by plaintiff in this action.  Docs. 39 at 001-003, 60 at 3-4.  His prior experiences in handling litigation of the kind is a factor the court has taken into consideration in reaching the conclusion that the time Kellum claims he devoted to pre-appeal activity is excessive, particularly the time he claims he devoted to preparation of the initial suit papers.  Kellum has prepared exactly the same kind of suit papers so many times in the past that the preparation of the initial suit papers in this action would have been simply routine for Kellum, using the same outline, format, legal authorities, and verbiage he repeatedly had used before.

Through the list of cases Kellum previously handled that were cited in Kellum's declaration in the appendix to the August 11, 2015 motion (Doc. 39 at 002, ¶ 6), Kellum provided sources to which the court could go for an evaluation of the

credibility of Kellum's representations to the court concerning the uniqueness of the initial pleadings he filed in this action. Similarly helpful information on that subject was provided by City of Fort Worth in the footnote on page 2 of its November 8, 2016 response. Doc. 62 at 2 n.1. The initial district court pleadings in each of those other actions filed by Kellum disclose that the initial pleadings prepared by Kellum in this action were but boilerplate-type pleadings.[5] He already had the outline, format, verbiage, and legal contentions he used here. Kellum repeatedly had used them before. If the reader of this memorandum opinion wishes to explore that matter further, the record references to the initial pleadings in those other cases are set forth in a footnote.[6]

The court is satisfied that an attorney having Kellum's expertise would have found the preparation of the initial suit papers in this action to be a purely routine activity. The

---

[5]The cut and paste nature of Kellum's practice is readily apparent in the August 11, 2015 motion for attorney's fees and non-taxable expenses, which refers to "Williams" rather than Grisham in the second paragraph. Doc. 38 at 1.

[6]The district court cases, and the pertinent pleadings therein, to which the court was led to by citations on page 002 of plaintiff's August 11, 2015 appendix are: Johnson v. Minneapolis Park and Recreation Bd. (filed March 30, 2012), Case No. 0:12-CV-00806-MJD-JJG (D. Minn.), at its Doc. 1 at 1-26; McGlone v. Bell (filed March 29, 2010), Case No. 2 10 0029 (M.D. Tenn.), at its Doc. 1 at 1-16; and Bays v. City of Fairborn (filed July 19, 2010), Case No. 3:10-CV-283-TMR (S.D. Ohio), at its Doc. 1 at 1-25. The two district court cases to which City of Fort Worth called the court's attention in their November 8, 2016 response are Spears v. City of Tucson (filed September 12, 2014), Case No. 4:14-CV-2352-TUC-CKJ (D. Ariz.), at its Doc. 1 at 1-15; and Williamson v. City of Foley, Ala. (filed August 26, 2015), Case No. 1:15-CV-00430-WS-B (S.D. Ala.), at its Doc. 1 at 1-24.

preparation of the complaint itself should not have taken more than five or six hours once Kellum had the factual information essential to its preparation.

The initial billing statement and Kellum's demand letter to City disclose that he had the needed factual information before he started work on the complaint.  The starting entries on the billing statement are as follows:

| DATE | DESCRIPTION | ACTUAL TIME | ADJUSTED TIME |
|------|-------------|-------------|---------------|
| Oct-24-14 | Review materials in file. | 1.20 | 1.20 |
| | Review video. | 0.80 | 0.80 |
| | Telephone conference with David Grisham re: case. | 0.50 | 0.50 |
| Oct-31-14 | Legal research re: Demand Letter. | 1.30 | 1.30 |
| | Prepare Demand Letter. | 3.20 | 3.20 |

Doc. 39 at 009.  The demand letter that took 3.20 hours to prepare is found in the appendix to plaintiff's motion for preliminary injunction.  Doc. 11 at App. 022-026.  As the billing statement shows, the total time required for Kellum to gather the needed facts, to locate and understand the pertinent legal principles, and then to convert them into a legal presentation was only seven hours.  Doc. 39 at 009.  The demand letter itself

shows that by the time Kellum prepared it he had knowledge of the pertinent facts, he knew and understood the applicable legal principles, and he was able to, and did, express those legal principles in that letter. Doc. 11 at App. 022-026. He could have used that letter, with slight amplification, as the basis for the complaint Kellum now claims took him an additional 38.90 hours, starting on December 8, 2014, going through April 21, 2015, to prepare.

Kellum's claim that he spent that much time preparing the complaint is simply not credible. Or, if he did spend that much time preparing it, he was not making proper use of his time. Apparently Kellum has come to the conclusion after his years of handling this kind of litigation, which has become a matter of routine for him, that § 1988 is intended to provide a form of economic relief to improve the financial lot of attorneys, particularly him.

The Supreme Court has made clear that § 1988 does not have that as one of its goals. See Burlington v. Daque, 505 U.S. 557, 563 (1992); Pennsylvania v. Del Valley Citizens' Council, 478 U.S. 546, 565 (1986). So has the Fifth Circuit. See Leroy v. City of Houston, 831 F.2d 576, 584-85 (5th Cir. 1987)(commenting that "[a]n award of attorneys' fees is to be used an incentive for the private enforcement of constitutional rights, and not as

10

a shill for the imposition of punitive damages). In <u>Perdue v. Kenny A.</u>, 559 U.S. 542 (2010), the Supreme Court quoted with approval from <u>Blum v. Stenson</u>, 465 U.S. 886, 897 (1984) that "[a] reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys." 559 U.S. at 552. Kellum appears to be seeking by his requests for attorney's fees to improve his financial lot by means of a windfall.

City of Fort Worth agreed in its November 8, 2016 response to the court's October 18, 2016 tentative conclusions order that the time Kellum showed he devoted to preparation of the initial suit papers is unreasonable, but it suggested that the claimed 65.10 hours should be reduced to "a more reasonable thirty hours." Doc. 62 at 2. If City of Fort Worth is willing to accept 30 hours as an appropriate number for preparation of the initial pleadings, the court likewise is accepting that number, even though the court continues to believe that anything more than 20 hours for that work would be excessive.[7]

_____

[7]A court is permitted to adjust a requested fee award even if the requested amount is unopposed, because the court is obligated to award only "reasonable attorney's fees." See <u>Curtis v. Bill Hanna Ford, Inc.</u>, 822 F.2d 549, 551 (5th Cir. 1987); <u>Wright v. Blythe-Nelson</u>, No. 3:99-CV-2522-D, 2004 WL 2870082 at *5 (N.D. Tex. Dec. 13, 2004); <u>see also</u> <u>Leroy v. City of Houston</u>, 831 F.2d 576, 586 (5th Cir. 198)(explaining that the burden of proof of reasonableness of the number of hours is on the fee applicant, and not on the opposing party to prove their unreasonableness, citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983)).

Here, City of Fort Worth has affirmatively committed to what it considers to be "a more

(continued...)

11

b.   Time Claimed for Communications Between Kellum and
     Local Counsel

Of equal concern is the time devoted to communications between Kellum and his local counsel for which payment is sought. The item attached to this order as Exhibit "B" shows that the attorney time for which Kellum initially sought payment included 14.50 hours of time devoted to communications between Kellum and his local counsel, Pikl. With the time Pikl chose to charge for those communications, another 7.40 hours must be added, making a total of 22.10 hours of time devoted to communications between the lawyers.

The court made known in its October 18, 2016 order its tentative conclusion that a reasonable amount of time devoted to communications between Kellum and his local counsel to be included in any fee award for pre-appeal work done in the district court should not exceed 7 hours. The court persists in that belief, taking into account the knowledge Kellum had of the facts and law related to the litigation and the absence of any significant need by Kellum to have input from his local counsel on the day-to-day handling of the litigation. Seven hours will

---

[7](...continued)
reasonable thirty hours." Doc. 62 at 2. Therefore, the court's adjustment in the claimed attorney time is taking into account that concession.

12

be included in the attorney time to be charged against City of
Fort Worth.

      c.   <u>"Billing Judgment" as to Initial Pre-Appeal Claim</u>

Noteworthy is that of the total time of 66.50 hours that
Kellum devoted to preparation of the initial suit papers, the
only adjustments he made to evidence exercise of "billing
judgment" were reductions that totaled 1.40 hours.  <u>See</u> attached
Ex. "A" at 2 (the 3rd March 11, 2015 and the April 10, 2015
entries) & 3 (the Total Time Shown for Preparation of Initial
Pleadings).  And, Kellum made no adjustment as an exercise of
billing judgment in the time shown on the initial billing
statement for communications between him and his local counsel.
<u>See</u> attached Ex. "B" at 8 (TOTALS).

When the court looks at all of the "Actual Time" and
"Adjusted Time" entries on the Center for Religious Expression
statement upon which the initial claim is based, the court notes
that, other than to delete the time related to the unsuccessful
claim plaintiff asserted against a police officer (Doc. 39 at
013-014, 016), the only adjustments for billing judgment
disclosed by the statement were the previously mentioned
adjustments of 1.40 hours, and the following additional
adjustments: .40 of an hour for April 29, 2015, .10 of an hour
for May 27, 2015, .10 of an hour for June 16, 2015, 1.10 hours

13

for July 2, 2015, and 1.10 hours for July 3, 2015.   Thus, the total of the billing judgment adjustments was 2.8 hours.   Doc. 39 at 011, 012, 015 & 018.

Kellum shows on the August 5, 2015 Center for Religious Expression time statement that his total time devoted to this litigation from the beginning in October 2014 through August 4, 2015, was 167.60 hours.   Doc. 39 at 023.   When the court deducts from that 167.60 hours the 66.50 hours the court has already discussed as having been shown for preparation of the initial pleadings and the 14.40 hours that Kellum deducted for time devoted to plaintiff's unsuccessful claim, the balance of time Kellum shows as actual time he devoted to this matter during that time frame is 86.70 hours.   As the court noted in the immediately preceding paragraph, the total of the adjustments made by Kellum for exercise of billing judgment as to those 86.70 hours was 2.8 hours, a reduction of 3.23% as a billing adjustment reduction. Considering the extravagant time entries Kellum made for preparation of the initial pleadings and communications between Kellum and his local counsel, the court thinks highly unlikely that the 3.23% reduction is a sufficient recognition of billing judgment.   The court concludes that a more realistic billing judgment adjustment for those 86.70 hours would be a reduction of

14

20%.  That is the adjustment the court is making, resulting in a

balance of 69.36 hours rather than 86.70 hours.

> ### d.   The Time Not Claimed by Kellum Related to
> ###       Plaintiff's Unsuccessful Cause of Action

The Center for Religious Expression August 5, 2015 billing

statement shows that Kellum deleted from plaintiff's initial pre-

appeal claim 14.40 hours for time he devoted to the defense of

the unsuccessful claim he asserted on behalf of plaintiff against

a police officer.  Doc. 39 at 013-014, 016.[8]  That claim was

dismissed upon the police officer's motion to dismiss for failure

to state a claim upon which relief may be granted.  Docs. 30 &

31.  Because the unsuccessful claim against the police officer

was related to plaintiff's claims against City of Fort Worth, the

court has concluded that the time devoted to the defense of that

claim could have had some benefit to plaintiff, but not enough to

justify an award of attorney's fees for the full 14.40 hours.

The court has concluded that an allowance of seven hours of

attorney time devoted to the defense of that claim would be

generous, and appropriate.  Thus, the court is including seven

hours in the total of the time for which attorney's fees are to

be awarded in response to the initial motion.

---

[8]The "3" notations by each of the time entries related to the unsuccessful claim were to indicate that the time was not included in the claim for attorney's fees because it was devoted to "[u]nsuccessful claims." Doc. 39 at 023 (NOTES).

e.  <u>Remaining Time to be Included for Work Claimed to
Have Been Done by Pikl in the First Pre-Appeal
Motion</u>

Included in the initial August 11, 2015 fee claim was

$10,170 for work said to have been done by Pikl.  Doc. 39 at 008

& 027.  The total represented 22.60 hours shown on the Scheef &

Stone, LLP, billing statement.  <u>Id.</u> at 027.  Of those hours, 7.40

already have been dealt with in the preceding section having to

do with Time Claimed for Communications Between Kellum and Local

Counsel.  <u>Supra</u> at 12-13.

The court does not consider appropriate to include in the

fee charges to be paid by City of Fort Worth the 3.70 hours Pikl

devoted to receipt and review of the complaint and other suit

documents and related matters.  Kellum did not need to call upon

Pikl for assistance in those matters.  The same is true as to the

1.60 hours devoted by Pikl on June 24, 2015, to receipt and

review of dismissal of the unsuccessful claim and related

activities.  When the 7.40, 3.70, and 1.60 items are deleted,

10.20 hours remain.  There is no indication in the initial claim

documents that Pikl exercised billing judgment as to those hours.

Rather, his only claim to billing judgment was that he reduced

his total fee by $2,610, representing the time he devoted to the

unsuccessful claim by plaintiff against the police officer.  Doc.

39 at 026.  The court is satisfied that there is no reason why

16

the local counsel should have devoted any time to that activity.
Thus, the end result is that there has been no billing judgment
adjustment as to the 10.20 hours.  The court concludes that an
appropriate billing judgment reduction as to those hours would be
20%, resulting in a reduction of 2.04 hours, leaving a balance of
8.16 hours to be included in the total attorney time to be
recognized as reasonable time devoted to attorney work done on
this case up to the date of the filing of the initial pre-appeal
claim.

      f.   <u>Interim Conclusion as to Attorney Time to be
Honored as Reasonable as to the Initial Claim</u>

Summing up what the court has found to be a reasonable
amount of time to be included in a fee award in favor of
plaintiff against City of Fort Worth for the work done through
the filing of the initial, August 11, 2015 fee request, the court
concludes that the total is 121.52 hours.  It consists of thirty
hours for time devoted by Kellum to preparation of the initial
suit papers, seven hours for communications between Kellum and
his local counsel, 69.36 hours after the billing adjustment
reduction of the 86.70 hours of Kellum's time that is discussed
in section I.A.1.c. above, seven hours of Kellum's time devoted
to plaintiff's unsuccessful claim against the police officer, and

8.16 hours of local counsel's time, as calculated in section
I.A.1.e. above.

    2.    The Pre-Appeal Add-On (August 31, 2015)

    On August 19, 2015, City of Fort Worth filed a four and one-
fourth page response to plaintiff's initial August 11, 2015
motion for attorney's fees.  Doc. 42.  On August 31, 2015,
plaintiff, through Kellum, filed an eight-page reply, accompanied
by an addendum.  By the reply, an additional $5,040 in attorney's
fees was sought from plaintiff based on 11.20 hours of Kellum's
time.  Doc. 44 at 8 & Doc. 45 at 003-004.  The court accepts that
additional attorney's fees should be awarded for the reply, but
has concluded that the 11.20 hours of time involved in the claim
is excessive.

    The August 27, 2015 Supplemental Time Statement of Center
for Religious Expression showing the time and any adjustments
that were made for billing judgment shows that there was no
adjustment for billing judgment.  Doc. 45 at 003-004.  This time
statement again shows communications between Kellum and his local
counsel, and that significant time was devoted to research
related to the reply and preparation of the reply.  The court is
satisfied from its study of papers filed by Kellum in other cases
he has handled that he, again, was dealing with routine matters
he often had encountered before.  Therefore, the court has

18

concluded that a billing judgment adjustment should be made, and that a 20% reduction in the 11.20 hours would be appropriate. Thus, the court concludes that plaintiff should recover an additional amount for 8.96 hours of attorney time devoted to preparation and filing of the reply.

     3.   The First Post-Remand Add-On (October 5, 2016)

     By the supplemental motion for attorney's fees Kellum, in the name of plaintiff, filed on October 5, 2016, plaintiff added to the claim for attorney's fees attorney time devoted by plaintiff's counsel to district court activity prior to the filing of the notice of appeal on September 28, 2015 (6.30 hours), Doc. 54 at 04-05, time devoted to appellate activity (89.50 hours), id. at 005-08, and time devoted to activities for approximately ten days after the Fifth Circuit issued its September 19, 2016 opinion (1.70 hours), id. at 08.   The September 30, 2016 Third Time Statement of Center for Religious Expression shows that the actual time for work shown on it is 97.50 hours and that the adjusted time is 78.70 hours.   Id. at 09.   The adjustments, as indicated in the "NOTES" column on each

page are for clerical (2.10 hours), excessive (12.10 hours), and travel (4.60 hours).[9] The court accepts the 78.70 hours as a reasonable amount of attorney time for the activities described in the Third Time Statement.

The statement of local counsel's firm that accompanied the October 5, 2016 Supplemental Motion shows that Pikl devoted another 3.10 hours to the case. Id. at 13 (the 8/5/15-5/31/16 time entries). The court concludes that only .70 of an hour of (the 8/5/15 and 9/24/15 entries) of those 3.10 hours should be considered reasonable attorney time. The court cannot think of a good reason why the local counsel should have done the other things for which he showed time charges.

Adding the 78.70 hours the court has concluded is a reasonable amount of Kellum's attorney time related to the First Post-Remand Add-On to the .70 of an hour of local counsel's time, the court concludes that a total of 79.40 hours should be recognized as a reasonable amount of attorney time for the activities described in the October 5, 2016 supplemental motion and its appendix.

---

[9]Of interest, only .60 of an hour was deleted as excessive as to the initial time statement filed August 11, 2015 (Doc. 38 at 011), and only 1.40 hours was designated as clerical (Id. at 011, 012, & 015), only 1.40 hours of which pertains to time claimed for preparation of the initial pleadings.

4.   The Second Post-Remand Add-On (November 8, 2016)

On October 18, 2016, following issuance by the Fifth Circuit of its mandate remanding this action to this court, the court issued an order expressing its tentative conclusions relative to excessiveness of attorney time claimed by plaintiff for district court activity and excessiveness of the per hour rate used in the attorney fee claims.  Doc. 59 at 2-5.  The court afforded  the parties an opportunity to respond to the court's tentative conclusions relative to hours and rates, and requested plaintiff to provide in an appendix accompanying its response copies of all briefs or other filings made by any party in this action with the Fifth Circuit in connection with plaintiff's appeal. Id. at 5-6. Plaintiff, through Kellum, responded by the filing on November 8, 2016, of a document titled "Memorandum in Support of Plaintiff's Supplemental Motion for Attorney's Fees," Doc. 60, which was accompanied by a supporting appendix, Doc. 61, that contained the briefs filed by the parties in the appeal to the Fifth Circuit and declarations of Kellum and his local counsel concerning attorneys' fees and expenses related to the add-on attorney's claim made in plaintiff's November 8 filings.  Also included in the appendix were documents on which Kellum relied in support of his claim that the $450 per hour rate sought by him and his local counsel was appropriate.

21

City of Fort Worth filed on November 8, 2016, a responsive document in which it concurred in the court's assessment that the amount of time devoted by Kellum to district court activities was excessive, and that the per hour rate the attorneys are seeking to charge against City of Fort Worth is significantly higher than rates that would be charged in the Fort Worth/Tarrant County area.  Doc. 62.  City of Fort Worth attached to its response a 2015 Hourly Fact Sheet published by the State Bar of Texas, Department of Research & Analysis, showing per hour rates charged in this and other areas of the State of Texas by attorneys with different years of practice experience, broken down by specialties and types of litigation.  Id. at Ex. A.

By the November 8, 2016 filing, Kellum, in the name of plaintiff, seeks to add $7,920 of attorney's fees to the claim against City of Fort Worth.  Doc. 60 at 1.  The Fourth Supplemental Time Statement dated November 4, 2016, of Center for Religious Expression shows that the total time Kellum claims he devoted to this case between September 30, 2016 and November 3, 2016, was 26.90 hours, and that he has adjusted the time down to 17.60 hours, for which he is seeking payment from City of Fort Worth.  The adjustment consists of a reduction of 8.20 hours for excessiveness and a reduction of 1.10 hours as clerical, for a total downward adjustment of 9.30 hours, resulting in the 17.60

22

hours claimed as attorney's fees. Doc. 61 at Appx. 013-014. All of the time shown on the statement, except for the .70 of an hour devoted to preparation of the appendix, pertains to work done by Kellum to make known his disagreement with the tentative conclusions expressed by the court in the October 18, 2016 order. Put another way, all of the time, except for the .70 of an hour, was devoted to activities by Kellum to convince the court to award attorney's fees against City of Fort Worth that were based on excessive hours and an excessive per hour rate. The court has concluded that City of Fort Worth should not be required to pay for that time. Therefore, the court is including only .70 of an hour of the time shown on the November 4, 2016 Fourth Supplemental Time Statement as attorney time for which City of Fort Worth is to pay.

    5.  The Third Post-Remand Add-On (November 22, 2016)

    The third post-remand add-on by Kellum, in the name of plaintiff, to the attorney's fees sought from City of Fort Worth, which was filed November 22, 2016, sought an additional $1,800 in attorney's fees from City of Fort Worth for Kellum's time, represented by the Fifth Supplemental Time Statement of Center for Religious Expression, to be four hours of work done between November 8, 2016 and November 11, 2016. Docs. 63 at 7 & 64 at App. 3. No adjustment was made in that time for billing

23

judgment.  Essentially all of that time, as reflected by the documents filed by plaintiff on November 22, 2016, was devoted to work calculated to persuade the court to award the attorneys' fees against City of Fort Worth based on excessive hours and excessive per hour rates.  The court concludes that none of those hours should be charged against City of Fort Worth.

       6.   <u>The Total of the Attorney Time the Court Finds to Have Been Reasonable to Have Been Devoted by Counsel for the Plaintiff to District Court and Fifth Circuit Activities Related to This Case</u>

Consistent with the findings and conclusions of the court expressed in the preceding parts of this section II.A., the court concludes that 210.58 hours is the most that the attorneys, in the name of plaintiff, should recover from City of Fort Worth as reasonable attorney time devoted to district court and Fifth Circuit attorney activities related to this case, starting in October 2014 and going through this date, and that an award of attorneys' fees against City of Fort Worth based on any attorney time beyond that would be excessive and unreasonable.[10]

---

[10]The 210.58 hours represents the 121.52 hours of attorney time the court is honoring as reasonable as to the initial claim for attorneys' fees, <u>supra</u> at 17; 8.96 hours of attorney time claimed by the August 31, 2015 pre-appeal add-on, <u>supra</u> at 19; 79.40 hours, representing attorney time the court has accepted as reasonable sought by the October 5, 2016 post-remand add-on (78.70 hours claimed by Kellum and .70 of an hour claimed by Pikl), <u>supra</u> at 20; and .70 of an hour of the time included in the November 8, 2016 post-remand add-on, <u>supra</u> at 21-23.

B.    The Per Hour Rates Claimed by Plaintiff Are Excessive

The court finds that plaintiff's claim that he should recover from City of Fort Worth attorneys' fees based on a $450 per hour rate is no more credible than his claim that Kellum should recover from City of Fort Worth attorney's fees for 65.10 hours for preparation of the initial suit papers.  The work Kellum did in this action was purely routine for him.  In fact, it appears from the papers Kellum has filed in other actions, supra at 8 n.6, to be more routine than the kind of legal work attorneys do in representing insurance companies regularly in insurance litigation or representing lenders regularly in the type of litigation that has been popular for the past several years over whether a foreclosure should be allowed or was properly conducted.  The State Bar of Texas Study provided by City of Fort Worth, Doc. 62, Ex. A, bears out this court's experience that lawyers in the Fort Worth area handling routine litigation normally charge their clients a per hour rate of less than $300, id. at 11-12.

In the order the court issued on October 18, 2016, the court expressed the tentative conclusion that the per hour rate for each of the attorneys who have submitted billings with the August 11, 2016 motion to recover attorneys' fees and expenses should not exceed $300.  Doc. 59 at 4-5.  Three Hundred Dollars

25

per hour is more than attorneys in Fort Worth/Tarrant County are charging for most kinds of litigation.   Doc. 62, Ex. A at 11-12.

The "per hour" rate Kellum and the attorneys who filed affidavits in support of Kellum appears, from what has been presented to the court, to be a rate that has no basis in reality.   According to Kellum's filings, he does not charge his clients for the work he does.   Doc. 39 at 005, ¶¶ 15-19, 21.   The $450 per hour rate is not what he would charge a client, but is what he hopes a court will approve for his services.   Id. at 006, ¶ 22.   Apparently the attorneys who have filed declarations in support of a $450 per hour fee are in somewhat the same position. Id. at ¶ 23.   Thus, the "prevailing market" Kellum seeks to make controlling is not a market of what clients have paid, or will pay, but, rather, is a market of what attorneys in his position contend in their fee claims is a reasonable per hour rate.   The fact that from time to time they convince a court to make an award based on that or a similar rate, id., is not controlling. A proper per hour rate to be charged against City of Fort Worth is the customary rate charged for comparable work by an attorney of comparable experience in the Fort Worth area.

A factor Kellum urges the court to consider in determining the reasonableness of the fee charges is the contingent nature of

the attorney work.  Doc. 40 at 7 § F.  In <u>Burlington</u>, the Supreme

Court had the following to say on that subject:

> [E]nhancement for the contingency risk posed by each
> case would encourage meritorious claims to be brought,
> but only at the social cost of indiscriminately
> encouraging nonmeritorious claims to be brought as
> well.  We think that an unlikely objective of the
> "reasonable fees" provisions.

505 U.S. at 563.

In <u>Perdue</u>, the Supreme Court made mention of an important

factor to be considered, when it said that:

> In many cases, attorney's fees awarded under § 1988 are
> not paid by the individuals responsible for the
> constitutional or statutory violations on which the
> judgment is based.  Instead, the fees are paid in
> effect by state and local taxpayers, and because state
> and local governments have limited budgets, money that
> is used to pay attorney's fees is money that cannot be
> used for programs that provide vital public services.

559 U.S. at 559.  In support of the quoted language, the Court

cited <u>Horne v. Flores</u>, 557 U.S. 433, 448 (2009), where the Court

noted that "a federal-court decree has the effect of dictating

state or local budget priorities."

In <u>Perdue</u>, the Court said that "a 'reasonable' fee is a fee

that is sufficient to induce a capable attorney to undertake the

representation of a meritorious civil rights case."  559 U.S. at

552.  The court is satisfied, and finds and concludes, that there

are capable attorneys in the Fort Worth area that would have

undertaken representation of a plaintiff in this civil rights

case at a per hour rate of $300, and that such a rate is a
reasonable one for the kind of representation the attorneys have
provided plaintiff, both at the district court level and at the
Fifth Circuit level. Therefore, that is the rate the court is
using in determining the attorneys' fee award to be made in favor
of plaintiff against City of Fort Worth in this case. Plaintiff
has not persuaded the court that a per hour rate greater than
$300 should be used to determine the fee award to be made here.

C.    Total of the Attorneys' Fees to be Awarded Against City of
      Fort Worth

Based on the court's determination that the award of
attorneys' fees against City of Fort Worth should be based on
210.58 hours of attorney time, and that the per hour rate should
be $300, the court finds, and concludes, that the attorney fee
award to be made to plaintiff against City of Fort Worth should
be $63,174.00.

D.    Non-Taxable Expenses Claimed by Plaintiff

The document attached to this order as Exhibit "C" is a
listing and itemization of all the non-taxable expenses plaintiff
has included in his initial August 11, 2015 claim and in each of
his subsequent add-ons that he is asking the court to order City
of Fort Worth to pay.

There are items shown on the initial, August 11, 2015, statement of Center for Religious Expression that the court finds, and concludes, should not be charged against City of Fort Worth.  The court is referring to the April 27, 2015 $50 payment for Certificate of Good Standing, the May 1, 2015 Pro Hac Vice Fee of $25, and the Travel expenses shown for June 19, 2015, and July 2-3, 2015, in the total amount of $1246.50.  Kellum chose to handle plaintiff's suit in Fort Worth from his base of operation in Tennessee, and chose to do so when he was not a member of the Bar of this court.  The court is satisfied that a local attorney who is a member of this court's Bar could have represented plaintiff as well as Kellum did.  If plaintiff had retained a local attorney directly, or if Kellum had referred him to one, those expenses would not have occurred.  The court considers them not to be reasonable and necessary expenses that should be charged against City of Fort Worth for the legal representation plaintiff received from Kellum.  The court is denying recovery of the $286.94 expense amount shown on the third post-remand add-on for the same reason that attorney time shown on that add-on was denied.  Supra at 23-24.

The court has concerns about some of the other expense items shown on Exhibit C, such as postage and computer research.  Normally the court would consider items of that kind to be part

29

of attorney overhead, not to be charged separately to a defendant in a fee-shifting ruling.  However, those items are so insignificant in amount that the court is not devoting further attention to them.  After deducting the total of the items mentioned above that the court is not allowing as part of the recovery against City of Fort Worth, the balance of expenses claimed by plaintiff is $1,974.92.

E.  Total Attorneys' Fees and Expenses Being Awarded Plaintiff Against City of Fort Worth

The total of the attorney fee and expense award to be made against City of Fort Worth for the benefit of plaintiff's attorneys is $65,148.92.

III.

Order

Consistent with the foregoing,

The court ORDERS that plaintiff, David Grisham, have and recover from City of Fort Worth $65,148.92 as recoverable attorneys' fees and non-taxable expenses incurred on behalf of plaintiff by his attorneys, and that City of Fort Worth, or someone acting on its behalf, can satisfy that payment obligation by providing to Kellum a check or comparable payment item, made

payable to plaintiff, Center for Religious Expression, and Scheef & Stone, LLP.

SIGNED December 16, 2016.

JOHN McBRYDE
United States District Judge

**Time Shown on August 5, 2015 Billing**
**of Center for Religious Expression**
**for Preparation of Initial Pleadings**
**(Complaint and Motion for Preliminary Injunction**
**Filed in May 2015)**

| Dates of Work | Description of Work | Actual Time | Adjusted Time |
|---|---|---|---|
| Dec-08-14 | Review materials to analyze for lawsuit and determine issues. | 2.20 | 2.20 |
| Dec-15-14 | Prepare outline of complaint. | 5.20 | 5.20 |
| Jan-28-15 | Prepare Complaint. | 2.50 | 2.50 |
| Feb-11-15 | Prepare Complaint. | 3.20 | 3.20 |
| Feb-12-15 | Prepare Complaint. | 8.50 | 8.50 |
| Feb-16-15 | Prepare Complaint. | 5.10 | 5.10 |
| Feb-17-15 | Prepare Complaint. | 1.10 | 1.10 |
| Feb-18-15 | Prepare Complaint. | 2.30 | 2.30 |
| Feb-25-15 | Prepare Complaint. | 0.90 | 0.90 |
| Feb-26-15 | Prepare Motion for Preliminary Injunction. | 0.80 | 0.80 |
|  | Prepare Memorandum in Support of Motion for Preliminary Injunction. | 3.30 | 3.30 |
| Feb-27-15 | Prepare Memorandum in Support of Motion for Preliminary Injunction. | 3.50 | 3.50 |
| Mar-02-15 | Prepare Memorandum in Support of Motion for Preliminary Injunction. | 5.90 | 5.90 |

1

Exhibit "A" to Memorandum
Opinion and Order dated
December 16, 2016 in
Case No. 4:15-CV-324-A
Page 1 of 3

| | | | |
|---|---|---|---|
| Mar-03-15 | Prepare Memorandum in Support of Motion for Preliminary Injunction. | 2.10 | 2.10 |
| Mar-09-15 | Prepare Complaint. | 2.40 | 2.40 |
| Mar-11-15 | Prepare Memorandum in Support of Motion for Preliminary Injunction. | 2.50 | 2.50 |
| | Prepare Affidavit of David Grisham. | 1.50 | 1.50 |
| | Prepare Motion for Preliminary Injunction. | 0.80 | 0.20 |
| Mar-12-15 | Prepare Affidavit of Misty Hodges. | 1.70 | 1.70 |
| Mar-26-15 | Edit Complaint. | 0.50 | 0.50 |
| Mar-26-15 | Prepare Exhibits for Motion for Preliminary Injunction. | 0.80 | 0.80 |
| Mar-27-15 | Prepare Affidavit of David Grisham. | 2.60 | 2.60 |
| Mar-30-15 | Supplement Complaint. | 2.10 | 2.10 |
| Mar-30-15 | Supplement Memorandum in Support of Motion for Preliminary Injunction. | 0.70 | 0.70 |
| Mar-31-15 | Supplement and Edit Pleadings. | 1.90 | 1.90 |
| Apr-10-15 | Prepare Appendix for Motion for Preliminary Injunction. | .80 | 0.00 |
| Apr-21-15 | Edit complaint. | 0.70 | 0.70 |

2

Exhibit "A" to Memorandum
Opinion and Order dated
December 16, 2016 in
Case No. 4:15-CV-324-A
Page 2 of 3

| | | | |
|---|---|---|---|
| Apr-21-15 | Edit complaint. | 0.30 | 0.30 |
| Apr-21-15 | Edit Memorandum in Support of Motion for Preliminary Injunction. | 0.60 | 0.60 |

Total Time Shown for Preparation of
Initial Pleadings                                 66.50         65.10

3

Exhibit "A" to Memorandum
Opinion and Order dated
December 16, 2016 in
Case No. 4:15-CV-324-A
Page 3 of 3

## TIME RELATED TO COMMUNICATIONS WITH CO-COUNSEL

1.   August 5, 2015 Billing of Center for Religious Expression

| Dates of Work | Description of Work | Actual Time | Adjusted Time |
|---|---|---|---|
| Apr-14-15 | Telephone conference with co-counsel Jim Pikl re: case. | 0.20 | 0.20 |
| Apr-21-15 | Email co-counsel re: pleadings. | 0.20 | 0.20 |
| | Review email from co-counsel re: pleadings. | 0.10 | 0.10 |
| | Email co-counsel re: edits to pleadings. | 0.40 | 0.40 |
| | Review email from co-counsel re: status and theory. | 0.10 | 0.10 |
| | Email to co-counsel re: status and theory. | 0.20 | 0.20 |
| May-05-15 | Review email from co-counsel re: status. | 0.10 | 0.10 |
| | Email to co-counsel re: status. | 0.10 | 0.10 |
| May-28-15 | Review email from co-counsel re: answer. | 0.10 | 0.10 |
| | Email to co-counsel re: answer. | 0.10 | 0.10 |
| May-29-15 | Call to co-counsel re: status. | 0.10 | 0.10 |

1

Exhibit "B" to Memorandum Opinion and Order dated December 16, 2016 in Case No. 4:15-CV-324-A Page 1 of 9

|  |  |  |  |
|---|---|---|---|
|  | Email to co-counsel re: status. | 0.10 | 0.10 |
|  | Review email from co-counsel re: status. | 0.10 | 0.10 |
|  | Email to co-counsel re: status. | 0.10 | 0.10 |
| June-01-15 | Telephone conference with co-counsel re: status. | 0.20 | 0.20 |
|  | Review email from co-counsel re: Response. | 0.10 | 0.10 |
|  | Email co-counsel re: Response to Motion for Preliminary Injunction. | 0.10 | 0.10 |
| June-02-15 | Email to co-counsel re: consent judgment and status. | 0.20 | 0.20 |
|  | Review email from co-counsel re: status. | 0.10 | 0.10 |
|  | Email co-counsel re: status. | 0.10 | 0.10 |
| June-08-15 | Review email from co-counsel re: status. | 0.10 | 0.10 |
| June-09-15 | Email to co-counsel re: consent order. | 0.10 | 0.10 |
|  | Review email from co-counsel re: status. | 0.10 | 0.10 |
|  | Email to co-counsel re: status. | 0.10 | 0.10 |
| June-10-15 | Review email from co-counsel re: status. | 0.10 | 0.10 |

2

Exhibit "B" to Memorandum Opinion and Order dated December 16, 2016 in Case No. 4:15-CV-324-A Page 2 of 9

|  |  |  |  |
|---|---|---|---|
|  | Email to co-counsel re: status. | 0.10 | 0.10 |
|  | Email to co-counsel re: status. | 0.10 | 0.10 |
| June-11-15 | Review email from co-counsel re: status. | 0.10 | 0.10 |
|  | Email to co-counsel re: status. | 0.10 | 0.10 |
|  | Email to co-counsel re: status. | 0.20 | 0.20 |
| June-12-15 | Email to co-counsel Re: Motion for Preliminary Injunction response. | 0.10 | 0.10 |
|  | Review email from co-counsel re: Motion for Preliminary Injunction Response. | 0.10 | 0.10 |
| June-16-15 | Email to co-counsel re: exhibits. | 0.20 | 0.20 |
| June-17-15 | Email to co-counsel re: Reply. | 0.20 | 0.20 |
| June-18-15 | Review email from co-counsel re: settlement conference. | 0.10 | 0.10 |
|  | Email to co-counsel re: settlement conference. | 0.10 | 0.10 |
| June-19-15 | Review email from co-counsel re: strategy. | 0.10 | 0.10 |
|  | Email to co-counsel re: strategy. | 0.20 | 0.20 |

3

Exhibit "B" to Memorandum
Opinion and Order dated
December 16, 2016 in
Case No. 4:15-CV-324-A
Page 3 of 9

| | | | |
|---|---|---|---|
| | Email co-counsel re: Reply and conversion. | 0.30 | 0.30 |
| | Review email from co-counsel re: conversion. | 0.10 | 0.10 |
| | Email to co-counsel re: conversion. | 0.10 | 0.10 |
| June-22-15 | Email to co-counsel re: status. | 0.20 | 0.20 |
| June-23-15 | Email to co-counsel re: status. | 0.20 | 0.20 |
| | Review email from co-counsel re: paperwork. | 0.10 | 0.10 |
| | Email to co-counsel re: paperwork. | 0.10 | 0.10 |
| June-24-15 | Review email from co-counsel re: status. | 0.10 | 0.10 |
| | Email co-counsel re: status. | 0.20 | 0.20 |
| June-25-15 | Review email from co-counsel re: status. | 0.10 | 0.10 |
| | Email co-counsel re: status. | 0.10 | 0.10 |
| June-29-15 | Review email from co-counsel re: status conference. | 0.10 | 0.10 |
| | Email co-counsel re: status conference. | 0.10 | 0.10 |

4

| | | | |
|---|---|---|---|
| Jul-02-15 | Meet with co-counsel re: settlement conference and strategy. | 2.50 | 2.50 |
| | Meet with co-counsel re: strategy. | 0.20 | 0.20 |
| Jul-03-15 | Email to co-counsel re: fees and settlement. | 0.30 | 0.30 |
| Jul-07-15 | Review email from co-counsel re: settlement. | 0.10 | 0.10 |
| | Email to co-counsel re: settlement. | 0.10 | 0.10 |
| Jul-08-15 | Review email from co-counsel re status. | 0.10 | 0.10 |
| | Email co-counsel re: status. | 0.10 | 0.10 |
| | Review email from co-counsel re status. | 0.10 | 0.10 |
| | Email co-counsel re: joint status report. | 0.10 | 0.10 |
| Jul-13-15 | Email to co-counsel re: status of report. | 0.20 | 0.20 |
| | Review email from co-counsel re: status. | 0.10 | 0.10 |
| | Email co-counsel re: status. | 0.10 | 0.10 |
| Jul-14-15 | Review email from co-counsel re: joint status report. | 0.10 | 0.10 |

5

Exhibit "B" to Memorandum
Opinion and Order dated
December 16, 2016 in
Case No. 4:15-CV-324-A
Page 5 of 9

| | | | |
|---|---|---|---|
| Jul-15-15 | Review email from co-counsel re: joint status report. | 0.10 | 0.10 |
| | Email co-counsel re: joint status report. | 0.10 | 0.10 |
| Jul-17-15 | Email to co-counsel re: status. | 0.10 | 0.10 |
| Jul-24-15 | Email co-counsel re: status. | 0.10 | 0.10 |
| Jul-27-15 | Review email from co-counsel re: status of settlement. | 0.10 | 0.10 |
| | Email co-counsel re: strategy for settlement. | 0.20 | 0.20 |
| | Review email from co-counsel re: status. | 0.10 | 0.10 |
| | Telephone conference with co-counsel re: status. | 0.10 | 0.10 |
| | Telephone conference with co-counsel re: settlement. | 0.10 | 0.10 |
| Jul-28-15 | Review email from co-counsel re: settlement. | 0.10 | 0.10 |
| | Review email from co-counsel re: conference. | 0.10 | 0.10 |
| | Email co-counsel re: conference and numbers for call. | 0.20 | 0.20 |

6

Exhibit "B" to Memorandum Opinion and Order dated December 16, 2016 in Case No. 4:15-CV-324-A Page 6 of 9

| | | |
|---|---|---|
| Review email from co-counsel re: order. | 0.10 | 0.10 |
| Email co-counsel re: order. | 0.10 | 0.10 |
| Prepare letter to co-counsel re: order. | 0.20 | 0.20 |
| Review email from co-counsel re: phone conference. | 0.10 | 0.10 |
| Review email from co-counsel re: fee petition. | 0.10 | 0.10 |
| Email co-counsel re: fee petition. | 0.10 | 0.10 |
| Email to co-counsel re: conference with judge re: settlement. | 0.20 | 0.20 |
| Review email from co-counsel re: settlement offer. | 0.10 | 0.10 |
| Review email from co-counsel re: status. | 0.10 | 0.10 |
| Email to co-counsel re: status and objections to time statement. | 0.10 | 0.10 |
| Review email from co-counsel re: settlement. | 0.10 | 0.10 |
| Email co-counsel re: settlement. | 0.10 | 0.10 |

7

| | | | |
|---|---|---|---|
| Jul-29-15 | Telephone conference with co-counsel re: conference and status. | 0.10 | 0.10 |
| | Telephone conference with co-counsel re: conference with judge. | 0.10 | 0.10 |
| | Review email from co-counsel re: revised order. | 0.10 | 0.10 |
| | Email to co-counsel re: effect of revised order. | 0.10 | 0.10 |
| Jul-30-15 | Email to co-counsel re: fee petition. | 0.20 | 0.20 |
| Aug-04-15 | Email to co-counsel re: fee petition. | 0.20 | 0.20 |
| | TOTALS | <u>14.50</u> | <u>14.50</u> |

2.  <u>August 5, 2015 Billing of Scheef & Stone, LLP</u>

| <u>Dates of Work</u> | <u>Description of Work</u> | <u>Time Shown on Billing</u> |
|---|---|---|
| 6/9/15 | Emails with counsel regarding replies and responses to Motion to Dismiss. | 1.60 |
| 6/10/15 | Emails regarding proposed reply brief. | 0.80 |
| 6/11/15 | Emails with counsel regarding proposed orders. | 0.80 |
| 6/12/15 | Emails regarding response to Motion to Dismiss. | 0.60 |

8

Exhibit "B" to Memorandum Opinion and Order dated December 16, 2016 in Case No. 4:15-CV-324-A Page 8 of 9

| | | |
|---|---|---|
| 6/18/15 | Emails regarding status conference and reply brief. | 1.50 |
| 6/19/15 | Emails regarding setting-up status conference (1.0); Emails regarding reply brief (.8). | 1.80 |
| 7/22/15 | Emails with Mr. Kellum regarding status. | 0.30 |
| | TOTAL | <u>7.40</u> |

9

## List of Expenses Claimed in Initial Motion
## and in Each of the Add-Ons

1.   The Initial (August 11, 2015) Claim

    a.   The August 5, 2015 Time Statement of
           Center for Religious Expression

| Date | Description | Amount |
|---|---|---|
| Apr-27-15 | Certificate of Good Standing | $50.00 |
| May-01-15 | Pro Hac Vice Fee | 25.00 |
| May-30-15 | Shipping - FedEx - Certificate of GS | 26.55 |
| | Shipping - FedEx - Signature pages | 38.96 |
| | Shipping - FedEx - MPI | 36.38 |
| | Shipping - FedEx - Certificate of GS | 30.48 |
| June-19-15 | Travel - American Airlines - Airfare | 774.18 |
| July-02-15 | Travel - Parking | 12.00 |
| | Travel - Starbucks - Meal | 5.46 |
| | Travel - The Cheesecake Factory - Meal | 31.00 |
| | Travel - Embassy Suites - Lodging | 202.27 |
| July-03-15 | Travel - National Car Rental - Car Rental | 123.49 |
| | Travel - Shell - Gas | 13.00 |
| | Travel - DFW Airport - Meal | 10.10 |
| | Total Disbursements | $1378.87 |

    b.   The "Detail Transactions File List" of
           Scheef & Stone, LLP

| Date | Description | Amount |
|---|---|---|
| 05/04/2015 | Postage | $19.44 |
| 05/05/2015 | Courier service (670) Special Delivery Service, Inc. | 82.66 |
| 05/05/2015 | Photocopies | 3.20 |
| 05/06/2015 | Courier service (670) Special Delivery Service, Inc. | 105.13 |
| 05/06/2015 | Photocopies | 63.00 |

1

Exhibit "C" to Memorandum
Opinion and Order dated
December 16, 2016 in
Case No. 4:15-CV-324-A
Page 1 of 3

```
05/11/2015        Computerized legal research (1013)
                  Thomson Reuters - West              199.26
05/12/2015        Photocopies                           1.40
05/12/2015        Postage                               1.40

                  Total for Expenses                 $475.49
```

2.   <u>The Pre-Appeal (August 31, 2015) Add-On</u>

    <u>The August 27, 2015 Supp. Time Statement of</u>
    <u>Center for Religious Expression</u>

```
Aug-6-15          Shipping - FedEx - Pikl Declaration    $15.04
Aug-7-15          Shipping - FedEx - Weber Declaration    28.16
Aug-7-15          Shipping - FedEx - Mateer Declaration   60.31
Aug-10-15         Shipping - FedEx - Motion Attorney's Fees  39.15
                  Estimated Shipping - FedEx - MAF Reply  30.00

                  Total Disbursements                 $172.66
```

3.   <u>The First Post-Remand (October 5, 2016) Add-On</u>

    a.   <u>The September 30, 2016 Third Time Statement</u>
        <u>of Center for Religious Expression</u>

```
Nov-03-15         Shipping - FedEx - Notice of Appeal    $18.97
Feb-06-16         Shipping - FedEx - Appellate Brief      39.05
Mar-31-16         Shipping - Reply Brief                  14.42
                  Shipping - Reply Brief                  15.57
                  Copy expenses                           32.85
                  Westlaw expenses                        14.78
Jun-01-16         Travel - Agent Fee                      35.00
                  Travel - Airfare - Delta               450.70
                  Travel - Seat Assignment                15.00
                  Travel - Seat Assignment                15.00
                  Travel - Seat Assignment                15.00
                  Travel - Seat Assignment                15.00
                  Travel - Shuttle - ExecuCar             57.00
Jul-01-16         Travel - Meal - ACME Oyster House       22.42
                  Travel - Meal - Master Concessionaire    8.49
                  Travel - Meal - CCs Coffeehouse          7.48
                  Travel - Parking - Memphis              12.00
                  Travel - Meal - The Grove                9.44
                  Travel - Lodging - Hilton New Orleans  200.62
                  Travel - Meal - Mothers                 24.92
```

                            2

Exhibit "C" to Memorandum
Opinion and Order dated
December 16, 2016 in
Case No. 4:15-CV-324-A
Page 2 of 3

Travel - Meal - Starbucks                    <u>5.57</u>

Total Disbursements                    $1029.28

b.   <u>The "Detail Transactions File List" of
     Scheef & Stone, LLP</u>

07/29/2015   Courier Service (670) Special
             Delivery Service, Inc.           $83.39
02/25/2016   Computerized legal research      <u>0.20</u>

             Total for Expenses               $83.59

4.   <u>The Second Post-Remand (November 8, 2016) Add-On</u>

     <u>The November 4, 2016 Fourth Supplemental Time
     Statement of Center for Religious Expression</u>

Oct-04-16   Shipping - FedEx - Supplemental Motion
            for Attorney's Fees.             $31.53
Nov-04-16   Shipping - FedEx - Memorandum in Support
            of Supplemental Motion for Attorney's Fees  <u>50.00</u>

            Total Disbursements              $81.53

5.   <u>The Third Post-Remand (November 22, 2016) Add-On</u>

     <u>The November 18, 2016 Fifth Supplemental Time
     Statement of Center for Religious Expression</u>

Nov-18-16   Shipping - FedEx - Reply in Support of
            Supplemental Motion for Attorney's fees.  $30.00
            Westlaw Expenses                  67.94
            Copy Expenses                     <u>189.00</u>

            Total Disbursements              $286.94


<u>Total Expenses Claimed</u>:               $1378.87
                                             475.49
                                             172.66
                                             1029.28
                                             83.59
                                             81.53
                                             <u>286.94</u>
                                             $3508.36

                                    Exhibit "C" to Memorandum
                                    Opinion and Order dated
              3                     December 16, 2016 in
                                    Case No. 4:15-CV-324-A
                                    Page 3 of 3